## 22 GILMAN v. GILMAN.

ANNA K. GILMAN, APPELLANT, *v.* GEORGE F. GILMAN, CHARLES B. GILMAN, ISAAC REDDINGTON AND CHAS. E. WHITEHEAD, RESPONDENTS.

*Surrogate's decree — appeal from — Compromise — when not sustained by court.*

Upon an appeal from an order of a surrogate, the whole case is to be examined by the appellate court, as well upon the facts as upon the law, so far as those questions are presented by the appeal.

Where, in pursuance of a compromise entered into between the widow and executors of a person deceased, an order was made, directing that a certain sum be paid over to the widow in full satisfaction of her claim and of the fees of her counsel; *held,* that, as the fees of the counsel had not been inquired into, or in any manner ascertained prior to the making of the order, and there was nothing to show what they amounted to, the order should be reversed.

APPEAL from an order of the surrogate of the county of New York, directing that the Union Trust Company, out of the money or assets of this estate, on deposit with it, return to Charles B. Gilman, George F. Gilman and Isaac Reddington, three of the four executors of the estate of Nathaniel Gilman, deceased, or to their counsel, Charles E. Whitehead and Henry E. Knox, the sum of $50,000 and interest thereon from March 22, 1872, to be paid over by them, in settlement of the widow's claim and the fees of her counsel. The appeal is taken by Anna K. Gilman, an executrix of the will of the said Nathaniel Gilman, deceased.

*W. W. Gage* and *E. C. Benedict,* for the appellant.

*John E. Ward,* for Chas. B. Gilman, respondent.

*Chas. C. Jones, Jr.,* for Joanna B. Gilman, respondent.

*Chas. E. Whitehead,* in person.

LAWRENCE, J. :

It appears from the petition of the appellant, Anna K. Gilman, that she is a legatee, heir at law, and executrix of Nathaniel Gilman, deceased, and that the order appealed from, was made and

entered upon the petition of George F. Gilman, Chas. B. Gilman and Isaac Reddington, three of the respondents. The petition of these respondents, on which the surrogate's order was based, alleges in substance that Nathaniel Gilman died in the year 1859, leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of New York. That the testator was a resident of the State of Maine, and died there, in the year 1859, and that his will was offered for probate by the appellant. That the probate was contested by George F. Gilman, one of the executors and one of the petitioners for the order appealed from, and that after a long contest, involving an appeal in the courts of Maine, the will was finally admitted to probate, and a decree was made that the widow, Joanna B. Gilman, should receive $85,000, in lieu of the provisions of the will in her favor. That after said decree, the petitioner, Charles B. Gilman and the appellant, Anna K. Gilman, who had alone qualified in Maine as executor and executrix of said will, made payments of various sums of money on account of said judgment, and transfers of assets, belonging to said estate, in part payment of said judgment or decree. That after the decision in Maine in her favor, the said widow, Joanna, commenced an action in the Supreme Court of this State against the said George F. Gilman, Isaac Reddington and one Edward McClelland, who then was also an executor of said estate, on said judgment and decree of the Supreme Court of Maine, for the purpose of enforcing the collection of the sums of money adjudged to her by the decree, and that said Joanna also commenced an action against George F. Gilman, in the Circuit Court of the United States, to recover the amount of a promissory note, given by him to the deceased in his lifetime, and belonging to the estate, in which suit she insisted that the said note had been assigned to her by said Anna K. Gilman and Charles B. Gilman, in part payment of said decree. The petition then goes on to allege that the said two actions are now pending and undetermined, and that after their commencement, certain of the heirs and legatees of the deceased commenced an action in this court for the purpose of restraining the said widow from the prosecution of said actions. That an injunction was obtained in said action, and that the action was brought to trial before Justice Barnard, but that, before final judgment

thereon, said justice was removed from his office. It is then alleged that negotiations have been going on between the parties, for a settlement of all the matters in difference, and that such negotiations have resulted in an agreement between all the parties interested, except the appellant, Anna K. Gilman, by which it had been agreed, that, in addition to what had been already paid to the said Joanna, to wit, about $20,000, there should be paid to her the sum of $40,000 and interest, and her costs and counsel fees, in full settlement and compromise of her claim. It is then averred that there is danger that the suit which had been commenced to restrain the widow from proceeding in the action brought by her against the estate, would be discontinued by the plaintiff therein, and that the widow would recover the entire sum decreed by the court in Maine. That the widow is willing, if payment can be made in thirty days from date, to receive the sum of $40,000 and interest, and costs of her counsel and interest, in full settlement of her claim, and that the petitioning executors have no means, aside from the funds in the Trust Company, with which to carry the compromise into effect. The agreement is set forth at length in the appeal papers. It was entered into during the absence of Anna K. Gilman in Europe, and in pursuance of an understanding with said Anna, as the respondents allege. The appellant, on her return, gave a qualified consent to the settlement with the widow, and to the order proposed, but objected to all the money coming out of the Trust Company, and claiming in her consent that the note of George F. Gilman, theretofore assigned to the widow, should be taken by her as part of such payment. This was dated and filed, April 13, 1873, the date of the entry of the order. The answer of the widow alleges that she has received the $50,000 ordered to be paid to her, and that she has discontinued the suit in the Circuit Court of the United States against George F. Gilman upon his note, and has assigned to the executors of the estate the judgment recovered in the courts in Maine upon said note, and has no title thereto. This seems to be the first intimation in the case that the widow had obtained judgment upon the note, but it appears that the widow had taken an assignment of the note, in part payment of her claim under the judgment or decree rendered in the court in Maine.

In cases of this character, the whole case is to be examined by the appellate court, as well upon the facts as upon the law, so far as those questions are presented by the appeal. *

Bearing this principle in mind, I am satisfied that the order of the surrogate was erroneous, and should be reversed. It is quite apparent that several thousand dollars of the amount directed by the order to be paid to the widow, consisted of fees of counsel, which do not seem to have been inquired into or ascertained, in any definite manner, prior to the order of the surrogate. It is alleged in the petition, that the widow will receive $40,000 and interest, and her counsel costs and interest, but what those costs are, is nowhere stated, except that George B. Gilman, in his answer to the petition of appeal, alleges that the sum of $10,000 had been agreed to by appellant, as a proper and reasonable counsel fee to be paid to Messrs. Ward, Jones and Whitehead, for professional services rendered by them to the said Joanna B. Gilman (the widow), and Charles B. Gilman and Anna K. Gilman (executors). So far as the counsel fees of the executors above named were concerned, there was no authority for allowing them. †

The counsel fees of the widow might be paid as a part of the compromise between her and the executors, but there is nothing, so far as I can understand from the case, which shows what those fees amounted to.

I think, too, that, as the widow had once definitely received and accepted the note of George B. Gilman, in part payment of her claim against the estate, and, as appears by her answer, had prosecuted the same to judgment, in the courts in Maine, she should have been compelled to allow the amount of that note on judgment, as so much cash in making up the $40,000, cash, agreed to be taken by her upon the compromise.

Mr. Whitehead, having been authorized to receive the money under the surrogate's order, seems to have been properly made a party on this appeal.

I am in favor, therefore, of reversing the order appealed from,

* Robinson v. Raynor, 28 N. Y., 494; Schenck v. Dart, 22 id., 420; Clapp v. Fullerton, 34 id., 195, 196; Cunjolle v. Ferrié, 23 id., 90.

† Wilcox v. Smith, 26 Barb., 330.

with costs, and remitting the proceedings to the Surrogate's Court, for such other action as the parties may be advised.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.